# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ZUNIGA, Individually and on behalf of of all others similarly situated | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. _____ |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| GRACIA MEXICAN KITCHEN, LLC, MATTHEW L HOEG, BRIAN SMITH, DAVID MARTINEZ, and ADRIAN HEMBREE | § § § § § | |
| *Defendants.* | § | COLLECTIVE ACTION |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Jose Zuniga brings this action individually and on behalf of all current and former dishwashers (hereinafter "Plaintiffs and the Putative Class Members") who worked for Gracia Mexican Kitchen, LLC (hereinafter "Gracia"), Matthew L Hoeg (hereinafter "Hoeg"), Brian Smith (hereinafter "Smith"), David Martinez (hereinafter "Martinez"), and Adrian Hembree ("Hembree") (collectively "Defendants") at any time from three years preceding the filing of this Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, civil penalties, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b). Plaintiffs also bring a common-law *quantum meruit* claim.

## I.
## OVERVIEW

1. This is a collective action to recover wages, overtime wages, civil penalties, and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

2. Plaintiffs and the Putative Class Members also bring a claim under a common law theory of *quantum meruit* to recover the wages owed to them for work they actually performed and Defendants failed to pay them pursuant to their employment agreement

3. Plaintiffs and the Putative Class Members are those similarly situated persons who worked for Defendants at any time since January 16, 2016 through the final disposition of this matter.

4. Plaintiffs and the Putative Class Members routinely worked in excess of 40 hours per workweek.

5. Defendants knowingly and deliberately failed to timely compensate Plaintiffs and the Putative Class Members for all hours worked in excess of forty (40) each workweek.

6. The FLSA requires that the minimum wage and overtime compensation earned during a workweek must be paid on the regular payday for the period in which the workweek ends. *See* 29 C.F.R. § 790.21(b); *see also* 29 C.F.R. § 778.106.

7. Therefore, Defendants' late payment of wages and overtime, and in some cases no payment at all, violates the FLSA.

8. Plaintiffs and the Putative Class Members do not meet the definition of exempt status under the FLSA.

9. Plaintiffs and the Putative Class Members seek to recover all unpaid wages, overtime, liquidated damages, civil penalties, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiffs also pray that this Court allow Plaintiffs and the Putative Class Members to recover their earned wages that have been illegally withheld by Defendants.

# II.
# THE PARTIES

12. Plaintiff Jose Zuniga ("Zuniga") was jointly employed by Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Zuniga did not receive wages for all hours worked nor did he receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The Putative Class Members are those current and former employees of Defendants who were subjected to the same illegal pay system under which Plaintiffs worked and were paid (or not paid as the case is here).

14. Defendant Gracia Mexican Kitchen, LLC ("Gracia") is a Texas limited liability company, having its principal place of business in Corpus Christi, Texas, and may be served with process through its registered agent for service: **Matthew L. Hoeg, 707 Pine Hollow Drive, Friendswood, Texas 77546**.

15. Defendant Matthew L. Hoeg ("Hoeg") is a Managing Member of Gracia and an employer as defined by 29 U.S.C. § 203(d). Defendant Hoeg may be served at: **707 Pine Hollow Drive, Friendswood, Texas 77546 or wherever he may be found**.

16. Defendant Brian Smith ("Smith") is a Managing Member of Gracia and an employer as defined by 29 U.S.C. § 203(d). Defendant Smith may be served at: **8303 Westglen Dr., Houston, Texas 77063, or wherever he may be found**.

17. Defendant David Martinez ("Martinez") is a Managing Member of Gracia, a General Partner of Pasta, and an employer as defined by 29 U.S.C. § 203(d). Defendant Martinez may be served at: **8303 Westglen Dr., Houston, Texas 77063, or wherever he may be found**.

---

[1] The written consent of Jose Zuniga is attached. Hereto as Exhibit "A."

18. Defendant Adrian Hembree ("Hembree") is a Managing Member of Gracia and an employer as defined by 29 U.S.C. § 203(d). Defendant Hembree may be served at: **615 Cypress Creek Lane, Richmond, Texas 77469 or wherever he may be found.**

19. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiffs and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

20. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

21. This Court has supplemental jurisdiction over Plaintiffs' equitable common-law action because it shares a common nucleus of operative facts with Plaintiffs' FLSA claims. 28 U.S.C. §1367(a); *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

22. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this district.

23. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

24. Specifically, Plaintiffs worked for Defendants in Corpus Christi, Texas, which is located in this District and Division.

25. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# FACTS

26. Defendant Gracia operates a restaurant in Corpus Christi, Texas that serves food and drinks to customers locally.[2]

27. Defendants Hoeg, Smith, Hembree, and Martinez are Managing Members of Defendant Gracia and an employer as defined by 29 U.S.C. § 203(d).

28. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

29. Defendants directly or indirectly hired Plaintiffs and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

30. Specifically, Defendants Hoeg and Smith directed that certain employees should not be paid on days they did not work. Defendants Hoeg, Smith, and Hembree also controlled the bank account used to pay employees and directed and approved when the third-party payroll company, Paychex, should or should not pay Plaintiffs and Putative Class Members.

31. Defendants maintained control, oversight, and direction over Plaintiffs and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

32. Specifically, Defendants Hoeg, Smith, and Hembree controlled and created the compensation policies for Plaintiffs and the Putative Class Members.

33. Further, Defendants Hoeg, Smith, and Hembree directly controlled the restaurant's funds. When the restaurant closed, Defendants Hoeg, Smith, and Hembree withdrew all the available funds for their personal enrichment rather than using the funds to pay Plaintiffs and the Putative Class Members the wages and overtime compensation due to them for work already performed.

---

[2] http://graciamexicancantina.com/location/

34. Plaintiff Zuniga and the Putative Class Members were not paid for their last few weeks of work.

35. Defendants mutually benefitted from the work performed by Plaintiffs and the Putative Class Members.

36. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and the Putative Class Members.

37. Defendants shared the services of Plaintiffs and the Putative Class Members. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and the Putative Class Members.

38. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

39. Moreover, all Defendants have the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

40. Specifically, Defendant Hoeg personally fired 4 employees because they did not attend a company meeting.

41. Further, Defendant Hembree personally hired Andrew Howell as the General Manager of Gracia. Defendant Hembree also hired other employees and was involved in the day to day operations for the restaurant.

42. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

43. To provide their services, Defendants employed Plaintiffs and several similarly situated hourly workers (Putative Class Members)—all of these individuals make up the potential or putative class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

44. Plaintiffs and the Putative Class Members are (and were) *non-exempt* workers paid by the hour.

45. Plaintiffs and the Putative Class Members did not have the authority to hire or fire employees.

46. Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours per week but often did not receive their straight-time and/or overtime pay until weeks and months later (if at all) in violation of the most basic tenets of the FLSA—that is, a day late truly is a dollar short.

47. Plaintiffs and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

48. Specifically, Defendants engaged in time shaving. Plaintiff Zuniga and the Putative Class Members were not paid for hours worked in excess of forty (40) in a workweek. Defendants would "shave" overtime hours off of Plaintiff and the Putative Class Members' recorded times and not pay them for those hours worked.

49. Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

# VI.
# CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

50. All previous paragraphs are incorporated as though fully set forth herein.

51. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER DISHWASHERS WHO WORKED FOR GRACIA MEXICAN KITCHEN, LLC, MATTHREW L. HOEG, BRIAN SMITH, DAVID MARTINEZ, AND/OR ADRIAN HEMBREE AT ANY TIME FROM JANUARY 16, 2016 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE NOT PAID FOR ALL HOURS WORKED AND/OR DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

52. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

53. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

54. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

55. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

56. In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

58. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

59. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 51.

60. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

63. Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiffs and the Putative Class Members would be able to precisely calculate damages.

64. Moreover, Defendants knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees back wages and overtime compensation. 29 U.S.C. § 255(a).

65. Defendants knew or should have known its pay practices were in violation of the FLSA.

66. Defendants are sophisticated parties and joint employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

67. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay overtime and all hours worked in accordance with the law.

68. The decision and practice by Defendants to not pay overtime and all hours worked was neither reasonable nor in good faith.

69. Accordingly, Plaintiffs and the Putative Class Members are entitled to all unpaid wages overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, civil penalties, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiffs.

72. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

73. The FLSA Collective Members are defined in Paragraph 51.

74. Defendants' collective failure to pay their employees for all hours worked nor pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

75. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

76. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

77. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked each week.

78. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to no less than time and one-half the regular rate of pay for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA.

79. Defendants have employed a substantial number of similarly situated individuals since January 16, 2016. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

80. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

81. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

82. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 51 and notice should be promptly sent.

## COUNT TWO
### (Common Law *Quantum Meruit* Claim)

**A. PLAINTIFFS AND THE PUTATIVE CLASS MEMBERS' COMMON LAW *QUANTUM MERUIT* CLAIMS**

83. Plaintiffs and the also bring a common-law action under the equitable theory of *quantum meruit* and assert that they performed services for the benefit of Defendants for which they have not been paid and by which Defendants have been unjustly enriched.

84. Plaintiffs are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered.[3] These claims are independent of Plaintiffs claims for unpaid overtime wages pursuant to the FLSA and they are not preempted by the FLSA.

85. Plaintiffs provided valuable services to Defendants. Specifically, Plaintiffs were general laborers employed by Defendants and were engaged in serving-related duties for Defendants and their customers at Gracia.

86. Defendants accepted Plaintiffs' described in detail above and benefited from Plaintiffs' skill, expertise, and labor.

---

[3] The FLSA does not preempt Plaintiffs' *quantum meruit* claim. *See Burns v. Chesapeake Energy, Inc.*, No. SA-15-CV-1016-RP, (ECF No. 67) (W.D. Tex. Mar. 2, 2017) (recognizing that "gap time" or "straight time" claims, where the compensation sought is for hours worked in a week that are not in excess of forty and when the average wage paid is not below minimum wage, are not preempted by the FLSA); *Karna v. BP Corp. NA, Inc.*, 11 F. Supp. 3d 809, 816 (S.D. Tex. 2014) ("While Section 6 of the FLSA guarantees a minimum wage, it does not provide a right of action for employees to recover unpaid compensation in excess of that minimum wage.").

87. Defendants knew that Plaintiffs expected to be compensated for their services.

88. Defendants have therefore been unjustly enriched as a result of their collective failure to pay Plaintiffs the compensation owed to them for all of their work pursuant to the equitable theory of *quantum meruit*.

## VII.
## RELIEF SOUGHT

89. Plaintiffs respectfully prays for judgment against Defendants as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 51 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

   b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Plaintiffs' common-law *quantum meruit* claims finding Defendants liable for unpaid wages due to Plaintiffs (and those Plaintiffs who opt-in to this case);

   d. For an Order awarding Plaintiffs (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

   e. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

   f. For an Order awarding Plaintiffs the costs and expenses of this action;

   g. For an Order awarding Plaintiffs their attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiffs a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense;

k. For an Order providing for injunctive relief prohibiting Defendants from engaging in future violations of the FLSA, and requiring Defendants to comply with such laws going forward; and

l. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 16, 2019			Respectfully submitted,

							**ANDERSON ALEXANDER, PLLC**

					By:	/s/ *Clif Alexander*
							**Clif Alexander**
							Federal I.D. No. 1138436
							Texas Bar No. 24064805
							clif@a2xlaw.com
							**Austin W. Anderson**
							Federal I.D. No. 777114
							Texas Bar No. 24045189
							austin@a2xlaw.com
							**Lauren E. Braddy**
							Federal I.D. No. 1122168
							Texas Bar No. 24071993
							lauren@a2xlaw.com
							**Alan Clifton Gordon**
							Federal I.D. No. 19259
							Texas Bar No. 00793838
							cgordon@a2xlaw.com
							**Carter T. Hastings**
							Federal I.D. No. 3101064
							Texas Bar No. 24101879
							carter@a2xlaw.com
							**George Schimmel**
							Federal I.D. No. 2338068
							Texas Bar No. 24033039
							geordie@a2xlaw.com
							819 N. Upper Broadway
							Corpus Christi, Texas 78401
							Telephone: (361) 452-1279
							Facsimile: (361) 452-1284

							***Attorneys in Charge for Plaintiffs and the Putative Class Members***

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

>  */s/ Clif Alexander*
>  Clif Alexander