Case 2:19-cv-00019   Document 38   Filed on 07/10/19 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ZUNIGA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-19 |
| | § | |
| GRACIA MEXICAN KITCHEN, LLC, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
## ON DEFENDANTS' MOTIONS TO DISMISS

Plaintiff, Jose Zuniga, a former restaurant employee, filed this Fair Labor Standards Act ("FLSA") collective action on January 16, 2019, for unpaid wages and overtime pay against five Defendants, Gracia Mexican Kitchen, LLC ("Gracia"), Matthew Hoeg ("Hoeg"), Brian Smith ("Smith"), David Martinez ("Martinez") and Adrian Hembree ("Hembree") (Collectively "Defendants"), alleging Defendants are their joint employers. (D.E. 1). Plaintiff has also asserted common law Quantum Meruit claims. (D.E. 1, Pages 12-13). On February 14, 2019, Defendants Hembree, Hoeg and Smith filed a Motion to Dismiss. (D.E. 11). Subsequently, Plaintiff filed a Response to which Defendants' replied. (D.E. 13 and D.E. 15). On April 16, 2019, Defendant Martinez also filed a Motion to Dismiss, to which Plaintiff filed a Response. (D.E. 27 and DE. 33).

This matter has been referred to the undersigned Magistrate Judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636. (D.E. 4). For the reasons stated below, the undersigned recommends Defendants Hoeg, Smith and Hembree's Motion to Dismiss be **DENIED** and Defendant Martinez's Motion to Dismiss be **GRANTED**. (D.E. 11 and D.E. 27). However, Plaintiff is **GRANTED** leave to amend on or before **July 19, 2019**.

I.    12(b)(6) MOTION STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" to be entitled to the assumption of truth. *Id*. at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Under Rule 8(a)(2), plaintiffs are not required to include "detailed factual allegations," but at the same time "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is needed. *Iqbal*, 556 U.S. at 678. "To survive a Rule 12(b)(6) motion to dismiss, the complaint 'does not need detailed factual allegations,' but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, 'raise a right to relief above the speculative level.'" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (citing *Twombly*, 550 U.S. at 555).

## II. "EMPLOYER" UNDER THE FLSA

Defendants, in both Motions to Dismiss, argue Plaintiff has failed to adequately plead that each were "employed" by them. "Employer" is defined by the FLSA to mean "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *Lee v. Coahoma Cnty.*, 937 F.2d 220, 226 (5th Cir.

3 / 9

1991). Interpreted expansively, the "term employer includes individuals with managerial responsibilities and 'substantial control over the terms and conditions of the [employee's] work.'" *Id*. at 226 (citation omitted). While "merely being an officer or shareholder" will not subject an individual to FLSA liability, "employer status may be appropriate where operational control coincides with one's position as a shareholder, officer, or owner." *Gray v. Powers*, 673 F.3d 352, 355-56 (5th Cir. 2012).

The Fifth Circuit uses the "economic reality" test to evaluate whether a person possesses such operational control with respect to the employment relationship. *Id*. at 355-57. The Court should consider whether the alleged employer: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id*. at 355 (citation omitted). Where there may be more than one employer, courts "must apply the economic realties test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Id*. at 355 (citation omitted). "While each element need not be present in every case," the person must have control over at least some aspects of the employment relationship as "finding employer status when none of the factors is present would make the test meaningless." *Gray*, 673 F.3d at 357 ("While the Fifth Circuit 'has on several occasions found employment status even though the defendant-employer had no control over certain aspects of the relationship,' it does not follow that someone who does not control any aspect of the employment relationship is an employer.") (citation omitted).

### III. ANALYSIS

Plaintiff argues applying the economic reality test to all Defendants, the allegations in the Complaint are sufficient to support their contention that all Defendants were joint employers. In the Complaint, relevant to the issue of joint employers, Plaintiff asserts Defendants Hoeg, Smith, Hembree and Martinez are Managing Members of Defendant Gracia. (D.E. 1, Page 5). Plaintiff also states:

> Defendants are joint employers pursuant to 29 C.F.R. § 791.2.
>
> Defendants directly or indirectly hired Plaintiffs and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.
>
> Specifically, Defendants Hoeg and Smith directed that certain employees should not be paid on days they did not work. Defendants Hoeg, Smith, and Hembree also controlled the bank account used to pay employees and directed and approved when the third-party payroll company, Paychex, should or should not pay Plaintiffs and Putative Class Members.
>
> Defendants maintained control, oversight, and direction over Plaintiffs and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.
>
> Specifically, Defendants Hoeg, Smith, and Hembree controlled and created the compensation policies for Plaintiffs and the Putative Class Members.
>
> Further, Defendants Hoeg, Smith and Hembree directly controlled the restaurant's funds. When the restaurant closed, Defendants Hoeg, Smith and Hembree withdrew all the available funds for their personal enrichment rather than using the funds to pay Plaintiffs and the Putative Class Members the wages and overtime compensation due to them for work already performed.
>
> Specifically, Defendants dictated the practice goals of what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

> Moreover, all Defendants have the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.
>
> Specifically, Defendant Hoeg personally fired 4 employees because they did not attend a company meeting.
>
> Further, Defendant Hembree personally hired Andrew Howell as the General Manager of Gracia.  Defendant Hembree also hired other employees and was involved in the day to day operations of the restaurant.
>
> As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

(D.E. 1, Pages 4-6).

Upon review of these pleadings, the undersigned recommends there are no specific allegations against Defendant Martinez which would allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  Despite Plaintiff's contention that Defendant Martinez is a "Managing Member" of Defendant Gracia which automatically renders him an employer under the FLSA, the case law is clear that Plaintiff must assert Defendant Martinez exercised at least some operational control.  Here, regarding Defendant Martinez, there are merely threadbare recitals of the elements of the economic reality test and conclusory statements without providing facts in support which is insufficient.  Therefore, the undersigned recommends Plaintiff has failed to plead sufficient facts supporting his claims against Defendant Martinez.

In contrast, as to Defendants Hoeg, Smith and Hembree, Plaintiff has addressed at least some of the economic reality factors. *Gray*, 673 F.3d at 357 (Each element need not be present but a person must have some operational control over the employment relationship). The allegations include that Defendants Hoeg and Smith directed when certain employees were not to be paid and Defendants Hoeg, Smith and Hembree controlled and created the restaurant's compensation policies and approved payroll. Defendants Hoeg, Smith and Hembree directly controlled the restaurants funds and withdrew all available funds when the restaurant closed. Defendant Hoeg fired four employees because they did not attend a company meeting and Defendant Hembree hired several employees. Accepting all well-pleaded facts as true and applying the economic reality test to the allegations against Defendants Hoeg, Smith and Hembree, Plaintiff has pled sufficient facts to state viable claims. Plaintiff does not solely allege Defendants collectively made joint decisions to support their claims, but assert specific facts that support a reasonable inference Hoeg, Smith and Hembree had the necessary control over Plaintiff's work conditions.

Plaintiff alternatively requests the Court use its discretion and grant him leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15. As the undersigned recommends Plaintiff has sufficiently asserted claims against Defendants Hoeg, Smith and Hembree, the undersigned considers Plaintiff's request only as to Defendant Martinez. The undersigned **GRANTS** Plaintiff's leave to amend the complaint as Plaintiff has not engaged in undue delay, there is no showing of bad faith or dilatory motive and there will be minimal prejudice. Fed. R. Civ. P. 15.

## IV. CONCLUSION

For the reasons stated above, the undersigned recommends Defendants Hoeg, Smith and Hembree's Motion to Dismiss be **DENIED** and Defendant Martinez's Motion to Dismiss be **GRANTED**. (D.E. 11 and D.E. 27). However, Plaintiff is **GRANTED** leave to amend on or before **July 19, 2019**.

ORDERED this 10th day of July, 2019.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).