UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ZUNIGA,<br>Individually and on behalf of<br>of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>GRACIA MEXICAN KITCHEN, LLC,<br>MATTHEW L. HOEG, DAVID MARTINEZ<br>and ADRIAN HEMBREE<br><br>*Defendants*. | § § § § § § § § § § § § § § | Civil Action No. 2:19-cv-00019<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND DISMISSAL WITH PREJUDICE**

**TO THE HONORABLE DAVID S. MORALES:**

Plaintiff Jose Zuniga, individually and as the authorized representative for all Opt-In Plaintiffs in this collective action ("Plaintiffs") and Defendants Gracia Mexican Kitchen, LLC, Matthew L. Hoeg[1], Brian Smith[2], David Martinez, and Adrian Hembree[3] ("Defendants") (collectively, the "Parties"), file this Joint Motion for Approval ("Motion") of Settlement Agreement ("Agreement") filed as Exhibit "1" to this Motion, asking that the Court: (1) approve the Parties' Agreement as expressed therein, filed as Exhibit 1; and (2) dismiss this Lawsuit with Prejudice in a public filing. The Parties respectfully state as follows in support of this Motion:

---

[1] Matthew L. Hoeg has agreed to the form and content of the Agreement and a signed copy will be filed with this Court upon its receipt.

[2] Brian Smith has agreed to the form and content of the Agreement and a signed copy will be filed with this Court upon its receipt.

[3] Adrian Hembree has agreed to the form and content of the Agreement and a signed copy will be filed with this Court upon its receipt.

1

# I.
# FACTUAL BACKGROUND

On January 14, 2019, in a companion case called *Barnes et al. v. Gracia, et al.*, Case Number 2:18-CV-000140, this Court certified a collective action of bartenders and servers but excluded dishwashers. *Barnes*, ECF No. 59. As a result, this case was filed on behalf of those excluded dishwashers on January 16, 2019. *See* ECF No. 1. This case has largely mirrored the *Barnes* matter as the Defendants, issues, and evidence are all largely the same. On March 22, 2019, Defendants Adrian Hembree ("Hembree"), Matthew L. Hoeg ("Hoeg") and Brian Smith ("Smith") filed their answers denying all allegations and liability. *See* ECF No. 18. On April 12, 2019, Defendant David Martinez ("Martinez") and Defendant Gracia Mexican Kitchen, LLC ("Gracia") filed their answers denying all allegations and liability. *See* ECF Nos. 23 and 24. On April 25, 2019, the Parties filed a joint motion to certify the class of dishwashers. *See* ECF No. 28. By the close of the opt-in period, two more dishwashers joined this case.

On September 17, 2019, the Parties filed a joint motion to abate all deadlines and stay the case pending mediation. *See* ECF No. 47. On October 23, 2019, the Parties attended mediation with experienced wage and hour mediator, Bill Lemons. The Parties were unable to reach a resolution at that time.

The Parties engaged in substantial written discovery and took the depositions of Plaintiff Zuniga, Defendant Martinez, Defendant Hembree, and Defendant Hoeg. On December 9, 2019, the Defendants filed a motion to decertify the conditionally certified class. *See* ECF No. 54. On the same day, Plaintiffs filed a motion for summary judgment as to Defendants Martinez, Hoeg, and Hembree's liability as employers under the FLSA, and for liquidated damages. *See* ECF No. 58. On December 9, 2019, Defendants Hoeg, Smith, and Hembree also filed their own motions for summary judgment on the issue of their individual liability. *See* ECF Nos. 55–57. On March 6, 2020, Magistrate Judge Libby issued a memorandum and recommendation that Plaintiffs' motion for summary judgment be granted

as to Defendant Martinez's liability as an employer under the FLSA. *See* ECF No. 74. The Court denied Plaintiffs' motion for summary judgement as to liquidated damages and for the liability of Defendants Hembree and Hoeg as employers under the FLSA. *Id.* Defendants Hoeg and Hembree's motions for summary judgment were also denied. *Id.* The Court granted Defendant Smith's motion for summary judgment. *Id.* The Defendants' motion to decertify was also denied. *Id.*

The Parties engaged in informal settlement negotiations, and after ongoing negotiations over the course of several weeks, reached a resolution on March 11, 2020. The Parties filed a Notice of Settlement with this Court on the same day. *See* ECF No. 75. The Settlement will provide significant monetary compensation to Plaintiffs and eliminates the risks and expenses both sides would bear should this litigation continue to trial. The Parties believe the settlement, which is memorialized in the Agreement attached hereto as Exhibit 1, is fair and reasonable and should be approved. Therefore, the Parties respectfully request that the Court sign the Proposed Order Approving the Settlement Agreement and Dismissing this Case with Prejudice.

## II.
## THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE

**A.      A Bona Fide Dispute Exists Between the Parties**

Plaintiffs alleged that Defendants violated the FLSA and Texas common law because each of the Defendants was their employer and failed to pay them the minimum wage, failed to pay them the proper amount of overtime compensation due pursuant to the FLSA, and failed to pay them for all hours worked – specifically, their last weeks' wages. Based on the records provided, this Settlement provides a substantial recovery of unpaid back wages and liquidated damages for Plaintiffs. Defendants have at all times denied liability, asserted multiple defenses to Plaintiffs' claims, and challenged the alleged hours worked.

3

There exists a genuine, bona fide, dispute about all relevant issues in this lawsuit including, *inter alia*, whether the individual Defendants were Plaintiffs' employers, whether the individual Defendants received services provided by Plaintiffs, whether Plaintiffs worked the hours they claim, what and when Plaintiffs were paid, and whether Plaintiffs were paid the proper amounts under the FLSA. Plaintiffs believe, and assert, based upon their assessment of the records provided, that this Settlement provides them with an amount of money that fairly equates to and compensates them for the amount of unpaid back wages and damages they might be awarded after a trial. Defendants believe, and assert, that Plaintiffs are not entitled to, and would not be awarded any unpaid wages or damages after a trial, but that the amount being paid in this Settlement is an amount that they are willing to pay to avoid further costs, in terms of time, effort and money, of continuing to litigate this lawsuit.

**B.      The Settlement Agreement is Fair and Reasonable**

The Court presiding over an FLSA action may approve a proposed settlement of the action under Section 216(b) after scrutinizing the settlement for fairness. *See Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) ("[T]he Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages."). Although the class action provision of Federal Rule of Civil Procedure 23 does not apply to collective actions brought pursuant to the FLSA, Rule 23 is similar in that it requires court approval to finalize a class action settlement. *See id.* Therefore, the Rule 23(e) fair and reasonable settlement standard encompasses a fair and reasonable standard under the FLSA. *Id.*

In the Fifth Circuit, district courts are instructed to consider six factors when evaluating he proposed settlement agreement for class actions:

> (1) Whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and

4

the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interests of the class and the court is not to substitute its own judgement for that of counsel." *Marcus v. J.C. Penny Co., Inc.*, No. 6:13-cv-736, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, the six-factor standard supports approval of the Agreement. Plaintiffs' counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. Wage and hour cases are expensive and time-consuming, and therefore the expense and likely duration of continued litigation favor approval. The Parties engaged in legal research, document review, filed and responded to several motions, data analysis, and performed due diligence before beginning to negotiate a settlement in good faith. The issues pertinent to Plaintiffs' claims and Defendants' defenses were well understood and the Parties recognized that the outcome of litigating the case would be uncertain while the risks of continued litigation would be high. Finally, counsel on both sides support the settlement, as do the Plaintiffs themselves.

1. *The Absence of Fraud or Collusion in the Settlement Favors Approval*

An initial presumption exists that a settlement is fair where counsel for the parties negotiate the settlement at arm's length. *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996). Settlement of this litigation was achieved, only after extensive litigation, through both a formal and informal resolution process and involved multiple offers and counter offers before the Parties agreed on the settlement terms. The Parties also went through formal mediation as well but were unable to settle the case at that time. The Parties took appropriate steps in negotiating the comprehensive Agreement, which includes payment to Plaintiffs and payment for Plaintiff's attorneys' fees and

expenses. There is no indicia of fraud or collusion.

    2.    *The Complexity, Expense, and Likely Duration of this Case, Were it Not to Settle, Favor Settlement*

The case favors settlement at this stage. Should this case not settle now the Parties would proceed to a full trial. At trial the range of recovery available for Plaintiffs could be as little as no recovery or more than $10,000.00 for the entire class. This settlement amounts to a high level of recovery for Plaintiffs of their unpaid back wages, plus an additional amount for liquidated damages, and a separate amount for Plaintiffs' attorneys' fees and costs. Continuing this case could lead to a much worse outcome for Plaintiffs.

    3.    *The Discovery Taken by the Parties Favors Approval of the Settlement*

The Parties engaged in substantial written discovery and took multiple depositions. Based on the record of reported hours and paid hours, this settlement amounts to a substantial recovery for Plaintiffs of their unpaid back wages plus an additional amount for liquidated damages. Additionally, the discovery produced shows there is substantial evidence on both sides for the dispositive issue of each defendants' liability as employers under the FLSA.

    4.    *The Uncertainty of this Litigation Favors Settlement*

The Parties are well aware of the uncertainty associated with litigation. While Plaintiffs are confident in their claims, they also understand that the claims in this case may prove to be unsuccessful at trial, and that collection of any future judgment or award may itself prove problematic. Although Plaintiffs were granted summary judgment on the liability of one of the owners—Defendant Martinez—that owner is in a distressed financial position and it is highly unlikely he could cover the damages by himself, and would likely have to declare bankruptcy if put in that position alone. The Parties recognize the issue of individual liability under the FLSA for Defendants Hoeg and Hembree is highly complicated and presents a substantial and complex fact question for a jury. Should a jury find for Defendants it is unlikely Plaintiffs could recover any judgment in their favor from Defendant

Martinez alone. Likewise, Defendants understand the risk of litigating the claims at issue and also prefer the certainty of the proposed settlement to the risks and costs associated with continued litigation.

     5.    *The Available Range of Recovery and the Uncertainty of Damages Favor Settlement*

Plaintiffs allege that they were not paid for all hours worked and were not paid overtime compensation for all hours worked over forty (40) hours in a workweek. Plaintiffs further contend that each individual Defendant is personally liable to them as employers under the FLSA. Defendants Hoeg and Hembree vigorously contest that they qualify as employers under the FLSA. The issue of personal liability is dispositive in this case and if won by Defendants it would likely result in little to no actual recovery by Plaintiffs. Similarly, if won by Plaintiffs, Defendants Hoeg and Hembree could be liable for a substantial amount of damages and attorneys' fees and costs. Accordingly, the settlement amounts are well within the available range of recovery, and the uncertainty of the damages favor settlement.

The risk that Defendants would prevail on their defenses also favors settlement, especially in this case where the settlement represents a substantial recovery for Plaintiffs. On the other hand, settlement is equally in Defendants' best interest because the costs of proceeding through trial on the merits are excessive considering the amount of damages at issue. Further, should Plaintiffs prevail on their claims, Defendants would be liable not only for their own costs through trial, but also for the substantial fees and costs of Plaintiffs' counsel. Accordingly, the Parties agree that this settlement is in their best interest.

     6.    *The Opinions of All Parties and Counsel Favor Settlement*

The lawyers of Anderson Alexander, PLLC have litigated more than 300 individual, collective, and class action wage and hour cases of all types and have recovered millions of dollars in these cases on behalf of workers across the United States. Based on this experience, Plaintiffs' counsel can

confidently report to the Court that this prong is met. After intense settlement negotiations, an arms-length settlement was reached that, in the view of Plaintiffs' counsel, affords the Plaintiffs with significant and meaningful financial benefits and provides a certainty for payment. Plaintiff Zuniga has signed the attached Agreement and affirmatively asks this Court to approve it.

Further, Defendants, upon the advice of their highly confident and well-respected counsels, agrees that this settlement is in their best interest and seeks approval of the Settlement Agreement.

## III.
## PRAYER

For these reasons, the Parties respectfully request that the Court review the Agreement attached as Exhibit 1; approve the Agreement as a fair and reasonable compromise, and dismiss the Lawsuit with Prejudice as to Plaintiffs and Defendants.

Date: May 13, 2020

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

/s/ *Clif Alexander*
**Clif Alexander**
Fed. ID #1138436
Tex. Bar #24064805
clif@a2xlaw.com
**Austin W. Anderson**
Fed. ID #777114
Tex. Bar #24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Fed. ID #1122168
Tex. Bar #24071993
lauren@a2xlaw.com

**Attorneys in Charge for Plaintiffs**

/s/ *Ann Hennis*
*Ann Hennis, Attorney in Charge*
Federal I.D. No. 5911
Texas Bar No. 09473550
**HARTLINE BARGER LLP**
800 N. Shoreline Blvd., Suite 2000N
Corpus Christi, Texas 78401
(361) 866-8007
(361) 866-8042 Fax
ahennis@hartlinebarger.com

James P. McInerny
Federal I.D. No. 9138
Texas Bar No. 13678700
**HARTLINE BARGER LLP**
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
713-759-1990 Main
713-652-2419 Fax
jmcinerny@hartlinebarger.com

**Attorneys for Defendants, Gracia Mexican Kitchen, LLC and David Martinez**

*/s/Ronald A. Simank*
Ronald A. Simank
State Bar No. 18359400
S.D.O.T. No. 0359
rsimank@cctxlaw.com
**SCHAUER & SIMANK, P.C.**
615 North Upper Broadway Street, Suite 700
Corpus Christi, TX 78401
(361) 884-2800 Telephone
(361) 884-2822 Facsimile

**Attorneys for Defendant, Adrian Hembree**

*/s/ Matthew L. Hoeg*
Matthew L. Hoeg
State Bar No. 09772880
S.D. No. 725924
8208 Westpark Drive
Houston, TX 77063
Ofc: 713-785-4646
Fax: 713-785-5237
mhoeg@crssolutions.com

**Pro Se**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander