| | | |
|---|---|---|
| **JOSE ZUNIGA,** | § | |
| **Individually and on behalf of** | § | |
| **of all others similarly situated** | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No. 2:19-cv-00019** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **GRACIA MEXICAN KITCHEN, LLC,** | § | |
| **MATTHEW L. HOEG, DAVID MARTINEZ** | § | |
| **and ADRIAN HEMBREE** | § | |
| | § | |
| *Defendants.* | § | **COLLECTIVE ACTION** |

---

## PLAINTIFFS' UNOPPOSED MOTION TO APPROVE AN AWARD OF ATTORNEYS' FEES AND LITIGATION COSTS

---

Jose Zuniga, individually and as the authorized representative for the Opt-in Plaintiffs in this collective action (collectively "Plaintiffs"), file this Unopposed Motion to Approve an Award of Attorneys' Fees and Litigation Costs ("Motion"), asking that the Court approve the negotiated award of attorneys' fees and costs included in the Settlement Agreement between the parties.

## I.
## PROCEDURAL HISTORY

On January 14, 2019, in a companion case called *Barnes et al. v. Gracia, et al.*, Case Number 2:18-CV-000140, this Court certified a collective action of bartenders and servers but excluded dishwashers. *Barnes*, ECF No. 59. As a result, this case was filed on behalf of those excluded dishwashers on January 16, 2019. *See* ECF No. 1. This case has largely mirrored the *Barnes* matter as the Defendants, issues, and evidence are all largely the same. On March 22, 2019, Defendants Adrian Hembree ("Hembree"), Matthew L. Hoeg ("Hoeg") and Brian Smith ("Smith") filed their answers denying all allegations and liability. *See* ECF No. 18. On April 12, 2019, Defendant David Martinez ("Martinez") and Defendant

Gracia Mexican Kitchen, LLC ("Gracia") filed their answers denying all allegations and liability. *See* ECF Nos. 23 and 24. On April 25, 2019, the Parties filed a joint motion to certify the class of dishwashers. *See* ECF No. 28. By the close of the opt-in period, two more dishwashers joined this case.

On September 17, 2019, the Parties filed a joint motion to abate all deadlines and stay the case pending mediation. *See* ECF No. 47. On October 23, 2019, the Parties attended mediation with experienced wage and hour mediator, Bill Lemons. The Parties were unable to reach a resolution at that time.

The Parties engaged in substantial written discovery and took the depositions of Plaintiff Zuniga, Defendant Martinez, Defendant Hembree, and Defendant Hoeg. On December 9, 2019, the Defendants filed a motion to decertify the conditionally certified class. *See* ECF No. 54. On the same day, Plaintiffs filed a motion for summary judgment as to Defendants Martinez, Hoeg, and Hembree's liability as employers under the FLSA, and for liquidated damages. *See* ECF No. 58. On December 9, 2019, Defendants Hoeg, Smith, and Hembree also filed their own motions for summary judgment on the issue of their individual liability. *See* ECF Nos. 55–57. On March 6, 2020, Magistrate Judge Libby issued a memorandum and recommendation that Plaintiffs' motion for summary judgment be granted as to Defendant Martinez's liability as an employer under the FLSA. *See* ECF No. 74. The Court denied Plaintiffs' motion for summary judgement as to liquidated damages and for the liability of Defendants Hembree and Hoeg as employers under the FLSA. *Id.* Defendants Hoeg and Hembree's motions for summary judgment were also denied. *Id.* The Court granted Defendant Smith's motion for summary judgment. *Id.* The Defendants' motion to decertify was also denied. *Id.*

The Parties engaged in informal settlement negotiations, and after ongoing negotiations over the course of several weeks, reached a resolution on March 11, 2020. The Parties filed a Notice of Settlement with this Court on the same day. *See* ECF No. 75. On May 13, 2020 the Parties filed a Joint

Motion for Approval of the Settlement Agreement. *See* ECF No. 79. On May 15, 2020, this Court entered an order approving the settlement agreement and dismissing this case with prejudice and requiring Plaintiffs' Counsel to file a separate motion for approval of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d). *See* ECF No. 81.

## II.
## SUMMARY OF ARGUMENT

Under the FLSA, a prevailing party is entitled to recover their reasonable and necessary attorneys' fees and litigation costs. *See* 29 U.S.C. § 216(b). A plaintiff is a prevailing party in the context of a settlement agreement. *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008) (citing *Tex. State Teachers Ass'n v. Garland Indp. Sch. Dist.*, 489 U.S. 782, 791 (1989); *Buckhannon Bd. And Care Home, Inc. v. W.V. Dep't of Health & Human Resources*, 532 U.S. 598 (2001)). Under the terms of the settlement agreement, Plaintiffs' Counsel is entitled to recover $5,000.00 in reasonable attorneys' fees and expenses for the hours worked and costs expended on this litigation. This amount is fair and reasonable according to the lodestar method adhered to by courts throughout the Fifth Circuit; the hourly rates requested are reasonable and in line with the market rates in the area; and the hours billed were reasonable, necessary, and aided the advancement of the litigation. Further, the litigation costs were reasonable and necessary.

## III.
## ARGUMENT & AUTHORITIES

### A.  Plaintiffs' Counsel's Fees Are Fair, Reasonable, and a Negotiated Part of the Comprehensive Settlement Agreement

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b); *Prater*, 2008 WL 5140045, at *2. The FLSA has a fee-shifting provision that specifies that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). Indeed, an award of attorneys' fees under the FLSA is mandatory, with the amount of fees

within the discretion of the court. *See Prater*, 2008 WL 5140045, at *2 (citing *Kreager v. Solomon & Flanagan P.A.*, 775 F.2d 14 (11th Cir. 1985)). As part of its fairness determination, the Court must determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms.*, 137 F.3d 844, 849–50 (5th Cir. 1998). Congress has determined that it is important for FLSA rights to be enforced and that reasonable attorneys' fees must be award to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant and who are relatively unable to pay an hourly fee.

The Fifth Circuit utilizes the "lodestar method" to "access attorneys' fees" in FLSA suits. *Id.* at 850. To calculate the loadstar, this Court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorneys. *Id.* The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate.

1.      *Lodestar Calculation: Reasonable Hourly Rate*

The first step in computing the lodestar is determining the reasonable hourly rate. To do this, courts look to the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community. *See Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002). To establish the reasonable hourly rate, Plaintiffs' Counsel rely on their own affidavits and rates actually billed (and paid) in similar lawsuits within the Southern District of Texas. *See Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 784 (S.D. Tex. 2007); *see also* Declaration of Clif Alexander, attached to this Motion as Exhibit 1.

a)      Plaintiffs' Counsel's Biographic Information

Clif Alexander was the partner in charge of this litigation. Mr. Alexander focuses his practice on representing wage and hour clients throughout the United States—he has been lead counsel in more than 300 individual, collective, and class action wage and hour cases across the United States.

Mr. Alexander has dedicated his career to handling complex class, collective, and mass action litigation on behalf of plaintiffs in many types of cases and has worked predominately in the labor and employment context for over five years. Mr. Alexander is a 2008 graduate of South Texas College of Law—Houston. Mr. Alexander further represents his clients' interest through leadership positions in state and local organizations, in addition to membership in national and practice specific organizations. Since 2015, for example, Mr. Alexander has served on the Texas Trial Lawyers Association's Board of Advocates/New Lawyers Division, and was the President of the Corpus Christi Young Lawyers Association from 2015 until 2016. Mr. Alexander has been recognized by his peers for his exemplary performance and has been named a "Rising Star" in the Texas Monthly magazine for the preceding six years. Mr. Alexander is a zealous advocate for his clients and a dedicated lawyer. Mr. Alexander's hourly rate is $500.00. *See id.*

Austin Anderson, is a co-founding partner of ANDERSON ALEXANDER, PLLC, and has also performed work on behalf of Plaintiffs in this matter. Mr. Anderson has made a career litigating class and mass action lawsuits and has been lead counsel in more than 300 individual, collective, and class action wage and hour cases across the United States. He has been licensed for over fifteen years and his practice has focused primarily on representing wage and hour clients throughout the United States. His hourly rate in this case is $500.00, and that amount is commensurate with the amount reasonably charged by other legal practitioners of my skill and experience specializing in collective and class actions arising under the Fair Labor Standards Act ("FLSA") and related to state wage and hour laws in the Southern District of Texas.

Lauren Braddy, an attorney with Anderson Alexander, PLLC, also worked on this case. Ms. Braddy began working with Anderson Alexander, PLLC in 2015, and since that time has practiced almost exclusively wage and hour litigation from the inception of the initial client contact through appeal, when necessary. During that time, she has been counsel in over 200 individual, collective, and

class action wage and hour cases across the United States—representing thousands of workers. Ms. Braddy works diligently to ensure that that her clients receive the compensation legally owed to them and to effectively communicate with the clients through all phases of the litigation. Ms. Braddy graduated from Baylor Law School in 2010 with honors. In addition to a robust litigation docket, Ms. Braddy further represents her clients' interests through leadership positions in local organizations, in addition to membership in state and national advocacy organizations. Ms. Braddy was a long-time executive board member for the Corpus Christi Young Lawyers Association and served on the board of directors for six years from 2010 through 2017. Ms. Braddy additionally serves as an active board member for the Coastal Bend Women Lawyers' Association ("CBWLA") and has long been a member of the CBWLA's board of directors. Ms. Braddy has also been recognized by her peers for her legal expertise and has been named a "Rising Star" in Texas Monthly Magazine on five separate occasions. Ms. Braddy's hourly rate is $400.00.

Carter Hastings, an attorney with Anderson Alexander, PLLC, took the lead on this case. Mr. Hastings began working with Anderson Alexander, PLLC in 2017, and since that time has practiced almost exclusively in wage and hour litigation. Since joining Anderson Alexander, PLLC Mr. Hastings has been involved in over 100 individual, collective, and class action wage and hour cases across the United States. Mr. Hastings graduated from Southern Methodist University in 2016, and since returning to Corpus Christi, Texas, has become an active member in the local bar association, and was recently elected as President-Elect of the Corpus Christi Young Lawyers Association. Mr. Hastings' hourly rate is $350.00.

b.    Evidence of Reasonable Rate

In this legal community, the market rates for complex litigation—like collective actions filed pursuant to 29 U.S.C. § 216(b)—support an hourly rate of upwards of $500.00 for partners, and upwards of $350.00 for junior associate attorneys. *See Lopez v. LPE, Inc. et al.*, No. 2:19-CV-00111,

ECF No. 25 (S.D. Tex. Jan. 30, 2020) (Morales, J.) (approving $500.00 for partners, $400.00 for senior associates attorneys, and $350.00 for junior associates attorneys) (attached as Exhibit 2) [1]; *Serrano v. Progressive Waste Solutions of Tex., Inc.*, No. 2:17-cv-00100, ECF No. 105 (S.D. Tex. Nov. 14, 2019) (attached as Exhibit 4)[2]; *Rosas v. Dark Star Prod. Testing, Inc.*, No. 2:26-cv-00140, ECF No. 28 (S.D. Tex. Apr. 11, 2018) (Tagle, J.) (approving $400.00 hourly rate for partners and a $300.00 hourly rate for associates requested in ECF No. 27) (attached at Exhibit 5)[3]; *see also Rater v. Rix Energy Services*, No. 2:16-cv-705, ECF No. 57 (S.D. Oh. Nov. 28, 2017) (attached at Exhibit 7); *Lyles v. Falcon Flowback Srvs.* No. CIV-15-1198-R, ECF No. 43 (W.D. Okla. Feb. 7, 2018) (Order Approving FLSA Settlement Agreement) (attached at Exhibit 8).[4] Further, these rates are consistent with the rates alleged by other practitioners in the Corpus Christi Division of the Southern District of Texas. *See Edwards v. FJLJ, LLC*, No. 2:15-cv-00299, ECF No. 70-10 (S.D. Tex. June 30, 2016) (affidavit of a junior associate, practicing law for two (2) years, regarding her reasonable hourly rate of $300.00) attached at Exhibit 10.[5]

---

[1] The *LPE* Motion to Approve the Settlement Agreement and Motion to Approve an Award of Attorneys' Fees and Expenses and Dismiss with Prejudice setting out the requested attorneys' fees is hereby attached at Exhibit 3.

[2] While Plaintiffs' Counsel's rates were previously approved at rates slightly lower than those requested herein, Plaintiffs' Counsel notes that the work performed in those cases took place in 2016 and 2017. Since that time, Plaintiffs' Counsel has represented individuals in wage and hour cases of increasing complexity, up to and including through appeal.

[3] The *Rosas* Motion to Approve the Settlement Agreement and Motion to Approve an Award of Attorneys' Fees and Expenses and Dismiss with Prejudice setting out the requested attorneys' fees is hereby attached at Exhibit 6.

[4] *See also Lyles v. Falcon Flowback Srvs.* No. CIV-15-1198-R, ECF No. 42 (W.D. Okla. Feb. 7, 2018) (Joint Supplement to Joint Motion to Approve FLSA Settlement wherein Mr. Alexander's hourly rate was identified as $400.00), hereby attached as Exhibit 9.

[5] This rate, adjusted for inflation from 2016 to the end of 2020 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics, equates to $330.32. *See* https://www.officialdata.org/Legal-services/price-inflation.

Accordingly, Plaintiffs' Counsel's respective hourly rates are reasonable considering the skill and expertise of the attorneys involved, and are additionally supported by awards from multiple courts throughout the United States, and most importantly, by courts in Corpus Christi, Texas.

2.    *Lodestar Calculation: Reasonable Number of Hours Expended*

Plaintiffs' Counsel has reasonably expended over three hundred thirteen and a half (313.5) hours in the investigation and prosecution of Plaintiffs' claims against Defendants. *See* Ex. 1. This equates to over $110,202.50.00 in attorneys' fees. The breakdown per attorney is as follows:

| ATTORNEY/STAFF | HOURS | RATE | TOTAL |
|---|---|---|---|
| Clif Alexander | 10 | $500.00 | $5,000.00 |
| Austin Anderson | 3 | $500.00 | $1,500.00 |
| Lauren Braddy | 8.4 | $400.00 | $3,360.00 |
| Carter Hastings | 73 | $350.00 | $25,550.00 |
| Frances Lopez | 3 | $125.00 | $375.00 |
| | | **FEE TOTAL:** | **$35,785.00** |

*See Id.*

This case has been on file since January 16, 2019. Plaintiffs' Counsel worked diligently to resolve this matter expeditiously while still providing Plaintiffs with their maximum recovery. To that end, Plaintiffs' Counsel expended substantial time and resources on behalf of Plaintiffs. This time includes the time expended in speaking with each Plaintiff; evaluating their claims against Defendants; drafting Plaintiffs' Original Complaint, perfecting service on Defendants, conferring with Defendants' Counsel, responding to motions to dismiss from each individual defendant, preparing the stipulation to conditional certification, multiple depositions, preparing discovery for each defendant, responding to discovery for several plaintiffs, preparing motions for summary judgment, responding to motions

for summary judgment, responding to motions for decertification, preparing for trial, fulfilling the obligations imposed by Federal Rule of Civil Procedure 26, reviewing the discovery produced by Defendants; creating a damage model for each Plaintiff outlining their maximum available recovery; preparing for mediation, participating in a full day mediation before FLSA mediator Bill Lemons, and negotiating the terms of a final settlement agreement between the parties, and drafting and filing the necessary drafting a final settlement agreement between the parties. These activities are detailed in the descriptive time summary included in Clif Alexander's affidavit. *See Id.*

Upon reaching a comprehensive compromise, fully encompassing all claims, defenses, and expenses for all parties, Plaintiffs' Counsel, with input from Defendants' Counsel, prepared a Settlement Agreement that was agreed to by each Plaintiff and all Defendants. The time expended by Plaintiffs' Counsel was in the furtherance of tasks that were both reasonable and necessary for the prosecution of Plaintiffs' claims. Plaintiffs have not included time spent researching and drafting motions that were not filed with the Court, or that were not successful before the Court. Neither have Plaintiffs' Counsel included time on matters not pertinent to the merits of this lawsuit. *See id.*

3. *The Lodestar Amount is Reasonable*

This Court should approve the requested hourly rates because they are reasonable, have been approved by courts in other jurisdictions, and are in line with the hourly rates charged by employment attorneys not only in the Southern District of Texas but throughout the State of Texas. Further, the hours expended by Plaintiffs' Counsel and legal staff throughout the time this case has been pending are all reasonable, necessary, and were a part of Plaintiffs' eventual success on the merits. Therefore, Plaintiffs contend that the lodestar amount of $35,785.00 is fair and reasonable.

**B.    Litigation Costs Were Reasonable and Necessary**

In addition to the reasonably and necessary attorneys' fees, addressed above, Plaintiffs' Counsel has incurred additional expense in the litigation of this matter. To date, the expenses in this

case total $2,636.23. The $2,636.23 amount includes filing and service fees, costs for mediation, travel costs, and costs associated with depositions. These costs are detailed in the Declaration of Clif Alexander. *See id.*

Although Plaintiffs' Counsel would be entitled to an attorneys' fee award of $35,785.00 based on the lodestar, as calculated above, in addition to $2,636.23 in reasonably and necessarily incurred expenses, Plaintiffs' Counsel has agreed to a reduced fee award that is below the applicable lodestar. Specifically, instead of seeking the full $38,421.23 (attorneys' fees and costs), Plaintiffs' Counsel have agreed to a total fee award of $5,000.00, inclusive of costs and expenses, to facilitate a final resolution of this matter. *Id.*

## C. No Upward (or Downward) Departure Is Warranted

After calculating the lodestar, the Court must consider whether to adjust the fee upward or downward. *Prater*, 2008 WL 5140045, at *3. There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). This is because "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Penn. v. Del. Valley Citizens' Counsel*, 478 U.S. 546, 565–66 (1986). However, after calculating the lodestar, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.* The twelve factors enumerated in *Johnson* are as follows: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) The *amount involved and the results obtained;* (9) the *experience, reputation, and ability of the attorney*; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client;

and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19 (emphasis added).

### a.  Time and Labor Required

Prosecuting this matter to a successful settlement for the benefit of the Plaintiffs required Plaintiffs' Counsel to expend a significant amount of time by the attorneys, including substantial legal and factual research, consulting with twenty clients, engaging in substantial discovery, filing and responding to several motions, oral arguments on conditional certification, and engaging in settlement negotiations. Plaintiffs' Counsel's hours are addressed more fully above. Litigating FLSA collective actions involve fact intensive-issues that require a large time investment, in addition to skill and experience. *See Grove v. ZW Tech, Inc.,* No. 11-2445-KHV, 2012 WL 4867226, at *5 (D. Kan. Oct. 15, 2012) (recognizing that FLSA collective actions require an extensive time commitment, skill, and expertise by experienced plaintiffs' counsel). The time and labor expended support the requested fee.

### b.  Novelty and Difficulty of Question Presented by the Case

Representing Plaintiffs in a lawsuit under the FLSA involves a specialized area of the law and requires Counsel with the requisite experience. Defendants asserted multiple affirmative defenses to Plaintiffs' claims, including but not limited to Defendants' argument that Defendants were not employers under the FLSA, and that Plaintiffs were paid for all hours worked. Plaintiffs' Counsel were required to engage in extensive discovery to determine which defendants would qualify as employers under the FLSA.

### c.  Skill Required and Ability of Plaintiffs' Counsel

Plaintiffs' Counsel addressed the requisite skills and abilities of the undersigned counsel when addressing the reasonability of the requested rates. *See also* Ex. 1.  Plaintiffs' Counsel thereby had the requisite reputation, skill, and specialized experience to perform the legal services required in this complex litigation.

### d.  The Undesirability of the Case and the Preclusion of Other Employment by the Attorneys due to Acceptance of the Case

Addressing the fourth and tenth factors, Plaintiffs' Counsel undertook significant risk in agreeing to represent Plaintiffs in this case. Wage and hour cases are complicated and time-consuming matters. Any attorney undertaking these types of cases must be prepared to make tremendous investments of time, energy, and financial resources in order to appropriately pursue them. *See In re Qwest Communications Intern., Inc. Securities Litigation*, 625 F.Supp.2d 1143, 1152–53 (D. Colo. 2009). Plaintiffs' Counsel is limited by time and cannot pursue every wage and hour claim and must necessarily choose which clients they will be able to represent, considering the time and expense inherent in every case. Further, given that the Defendant Gracia was no longer operational and that each individual Defendant owner had asserted they were not liable under the FLSA as an employer this case carried substantial risk of zero recovery should Defendants have won on their defense.

### e. Customary Fee Awards in Similar Cases and Plaintiffs' Contingency Fee Agreement.

Addressing factors five and twelve, Plaintiffs' requested fee award is on par with other fee awards in similar related cases. In recognition of the need to ensure employees at the bottom of the economy access to effective representation, attorney's fees that exceed the amount of damages awarded are the norm in wage cases. *See, e.g., Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) (awarding $3,349.29, $1,296.00, and $52.50 in damages for three plaintiffs and $51,750.00 in fees); *Villegas v Regions Bank*, No. 4:11-cv-00904, 2013 WL 76719, at *1 (S.D. Texas Jan. 4, 2013) (awarding $1,413.00 in damages and $13,230.00 in fees); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66–86 (D.S.D. Mar. 12, 2010) (awarding $2,137.97 in damages and $43,797.00 in fees); *Hilton v. Executive Self Storage Associates, Inc.*, No. 4:06-cv-02744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (awarding $2,000.00 in damages and $21,132.05 in fees); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341 (S.D. Fl. May 14, 2007) (awarding $3,493.62 in damages and $114,021.00 in fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 962 (E.D. Wis. 2003) (awarding $3,540.00 in damages

and $36,204.88 in fees). Here, each Plaintiff made a full recovery on their respective wage claims and Plaintiffs' Counsel is entitled to recover their negotiated fee amount of $35,000.00.

### f.     Amount Involved and Results Obtained

Here, the Gross Settlement Amount represents a significant recovery on behalf of Plaintiffs—Defendants raised strong arguments that (a) they were not employers under the FLSA and (b) Plaintiffs had been properly paid for all of their time. In sum, the Gross Settlement Amount wherein Plaintiffs are being compensated for 100% of their unpaid wages which represents an excellent result given the circumstances of the case, and thus, the "amount involved and results obtained" factor supports the proposed fee award.

### g.     Any Time Limitations Imposed by the Client or the Circumstances

The FLSA provides a maximum three-year statute of limitations on claims. *See* 29 U.S.C. § 255(a). The statute of limitations for the FLSA claims of potential opt-in plaintiffs is not tolled by the filing of Plaintiffs' complaint, but rather by the opt-in plaintiff filing his/her written consent with the court. *See id.* Here, Plaintiffs all filed their consents to join within the two-year period, so time limitations do not support the upward, or downward, departure from the lodestar amount.

### h.     The Undesirability of the Case and the Preclusion of Other Employment by the Attorneys due to Acceptance of the Case

Addressing factors four and seven, Plaintiffs' Counsel undertook significant risk in agreeing to represent Plaintiffs in this case. Wage and hour cases are complicated and time-consuming matters. Any attorney undertaking these types of cases must be prepared to make tremendous investments of time, energy, and financial resources in order to appropriately pursue them. *See In re Qwest Communications Intern., Inc. Securities Litigation*, 625 F. Supp. 2d at 1152–53. Plaintiffs' Counsel is limited by time and cannot pursue every wage and hour claim and must necessarily choose which clients they will be able to represent, considering the time and expense inherent in every case.

**IV.**

**CONCLUSION**

Plaintiffs have submitted evidence before this Court in support of the reasonableness of the hourly rates for Plaintiffs' Counsel in this District and Division, have further provided detailed evidence supporting the number of hours Plaintiffs' Counsel have worked on this matter, and have identified their reasonable and necessary litigation costs. Plaintiffs have further established that the *Johnson* factors do not warrant an upward (or downward) departure from the established lodestar. Because the negotiated settlement agreement provides for an award of attorneys' fees that is substantially less than the lodestar amount in this matter, it is fair and reasonable. Plaintiffs therefore respectfully request that this Court approve the requested fee and cost amount.

Date: May 29, 2020

Respectfully submitted,

ANDERSON ALEXANDER, PLLC

By:      /s/ *Clif Alexander*

**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander